**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JASON MILLS, : | |
| : | |
| Plaintiff, : | |
| : | |
| : | Civil Action No. 2:20-cv-06335-RBS |
| v. : | |
| : | |
| PECO ENERGY COMPANY and EXELON, : | |
| : | |
| Defendant. : | |
| : | |

## ANSWER TO CIVIL ACTION COMPLAINT

Defendant PECO Energy Company ("PECO" or "Defendant"), by and through its undersigned counsel, hereby submit its answer and affirmative defenses to the Complaint of Jason Mills ("Mills" or "Plaintiff") as follows:

I.   **Parties and Reasons for Justification.**

1.   Admitted, upon information and belief.

2.   Denied as stated.  Defendant admits that PECO is an electric and natural gas utility, and a wholly owned subsidiary of Exelon Corporation.  It is further admitted PECO maintains an office located at 1040 W. Swedesford Road, Berwyn, Pennsylvania 19312.

3.   Denied as stated.  PECO admits that Exelon is a Pennsylvania corporation with a principal place of business located in Chicago, Illinois.  Defendant further states that Exelon is a holding company, generating, delivering, and marketing energy through PECO and other entities.

By way of further response, as of this Court's Order on February 18, 2021, Exelon is no longer a party in this case.

4.      Denied as stated.  Paragraph 4 contains conclusions of law to which no response is required.  By way of further response, Defendant admits Plaintiff was employed by PECO from April 30, 2018 to February 13, 2020.  It is denied that Plaintiff was ever an employee of Exelon.

5.      Denied as stated.  Paragraph 5 refers to a document, the content of which speaks for itself.  PECO denies Plaintiff's characterization thereof.  By way of further answer, Paragraph 5 contains conclusions of law to which no response is required, but PECO admits Plaintiff filed administrative agency charges with the Pennsylvania Human Relations Commission ("PHRC") and the United States Equal Employment Opportunity Commission ("EEOC").  PECO denies that they have violated any law or engaged in the alleged unlawful conduct set forth in the administrative agency charge or the Complaint.

6.      Denied as stated.  Paragraph 6 contains conclusions of law to which no response is required.  By way of further response, PECO admits that Plaintiff asserts claims under federal law that are within the subject matter jurisdiction of this Court.  PECO denies that it has violated any law or engaged in any unlawful conduct.

7.      Denied as stated.  Paragraph 7 contains conclusions of law to which no response is required.  By way of further response, PECO admits that this Court has jurisdiction over the claims asserted in the Complaint.

8.      Denied as stated.  Paragraph 8 contains conclusions of law to which no response is required.  By way of further response, PECO admits that this Court has jurisdiction over the state law claims asserted in the Complaint.

9.      Denied as stated.  Paragraph 9 contains conclusions of law to which no response is required.  By way of further response, PECO admits venue is proper in the United States District Court for the Eastern District of Pennsylvania.

2

## II.   Operative Facts.

10.     Denied as stated.  Defendant admits that PECO hired Plaintiff as a Transmission & Substation (T&S) Relay and Control Supervisor in the T&S Testing Department in PECO's Berwyn Service Building on April 30, 2018.  PECO denies that Exelon ever employed or hired Plaintiff.

11.     Denied.  By way of further answer, PECO states that there are more than twenty leadership positions in its Berwyn location and that Plaintiff was not the only African-American in a management position at this location.

12.     Denied.  By way of further answer, Plaintiff had several performance related issues including insubordination to destruction of company property.

13.     Admitted in part; denied in part.  PECO admits that on November 18, 2019 at 8:00 AM, Plaintiff told his manager that Plaintiff noticed that the passenger-side rear window of his PECO assigned vehicle had a hole in the middle of the window.  Defendant is without information sufficient to form a belief as to when Plaintiff learned of the broken window, and that allegation is therefore denied.

14.     Denied.  PECO is without information sufficient to form a belief as to what Plaintiff believed caused the window to break.  Paragraph 14 is therefore denied.

15.     Admitted in part; denied in part.  PECO admits that Plaintiff reported the alleged incident to his manager, Roy Pappan, on November 18, 2019.  Defendant is without information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 15 of the Complaint and therefore they are denied.

16.     Denied as stated.  Paragraph 16 refers to a document the content of which speaks for itself.  PECO denies Plaintiff's characterization thereof.  By way of further answer, following

Mr. Pappan's instruction, Plaintiff drafted, and Mr. Pappan approved, a condition report relating to the broken window.

17.     Denied.  PECO is without information sufficient to form a belief as to what Plaintiff believed caused the window to break.  Paragraph 17 is therefore denied.

18.     Denied as stated.  PECO admits that following two months of investigation, PECO investigators interviewed Plaintiff on January 9, 2020

19.     Admitted.  By way of further answer, it is admitted that on January 9, 2020, following two months of investigation, PECO interviewed Plaintiff regarding the damage to his PECO assigned vehicle.

20.     Denied.  PECO is without information sufficient to form a belief as to what Plaintiff felt during the meeting.  Paragraph 20 is therefore denied.

21.     Denied as stated.  PECO admits only that Plaintiff said he believed the window could have been broken while parked on his street in Philadelphia, even when presented with evidence indicating that it was unlikely that the damage occurred there.

22.     Denied as stated.  PECO denies the characterization of Plaintiff's anecdote that other car windows on his street have, in the past, been vandalized as "proof" of anything.

23.     Denied as stated.  PECO admits only that as part of PECO's investigation, PECO interviewed PECO employee and Plaintiff's girlfriend, Alexandra Ryder, regarding the damage to Plaintiff's PECO assigned vehicle.

24.     Admitted.

25.     Denied as stated.  Defendant admits only that, after continuing its investigation, PECO re-interviewed Plaintiff on Friday, January 17, 2020, and during that interview, Plaintiff acknowledged his crutch caused the window to break.

4

26.     Denied as stated.  Paragraph 26 refers to a document, the contents of which speaks for itself.  PECO denies Plaintiff's characterization thereof.  By way of further answer, PECO terminated Plaintiff effective February 13, 2020 due to multiple violations of its Code of Business Conduct.

27.     Denied.

28.     Denied.

29.     Denied.  By way of further answer, PECO has neither a record of Plaintiff's complaint, nor evidence suggesting that either Mr. Doherty or Mr. Spross engaged in the improper conduct Plaintiff alleges.

30.     Denied.  By way of further answer, PECO has no record of an employee named Jason Smith accused of or investigated for forgery.

31.     Denied.  By way of further answer, after receiving an anonymous tip that Mr. Doherty and Mr. Spross were falsifying timesheets and corporate credit card reconciliation reports, PECO launched an investigation similar to the investigation into the damage to Plaintiff's PECO assigned vehicle.  Following the investigation, PECO found no evidence Mr. Doherty and Mr. Spross falsified any documents.

32.     Denied.  By way of further response, PECO incorporates herein by reference its response to Paragraph 31 as if fully set forth herein.

33.     Denied.

34.     Denied.  Paragraph 34 contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

35.     Denied.  Paragraph 35 contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**III.     Causes of Action.**

## COUNT I – EMPLOYMENT DISCRIMINATION
### (42 U.S.C.A. § 2000e-2(a))

36.     PECO incorporates herein by reference the answers to the preceding paragraphs as if fully set forth herein.

37.     Denied.  Paragraph 37 contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

38.     Denied as stated.  Paragraph 38 contains conclusions of law to which no response is required.  By way of further answer, it is admitted that Plaintiff is an African-American man.

39.     Denied.  Paragraph 39 contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

40.     Denied.  Paragraph 40 contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

41.     Denied.  Paragraph 41 contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

42.     Denied.  Paragraph 42 contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

43.     Denied.  Paragraph 43 contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

44.     Denied.  Paragraph 44 contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT II – TITLE VII CLAIM – RETALIATION
### (42 U.S.C.A. § 2000e-3(a))

45.      PECO incorporates herein by reference the answers to the preceding paragraphs as if fully set forth herein.

46.      Denied.  Paragraph 46 contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

47.      Denied.  Paragraph 47 contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

48.      Denied.  Paragraph 48 contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

49.      Denied.  Paragraph 49 contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

50.      Denied.  Paragraph 50 contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

51.      Denied.  Paragraph 51 contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

52.      Denied.  Paragraph 52 contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT III – VIOLATION OF THE PENNSYLVANIA HUMAN RIGHTS ACT
### (43 P.S. § 955)

53.      PECO incorporates herein by reference the answers to the preceding paragraphs as if fully set forth herein.

54.      Denied.  Paragraph 54 contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

55.     Denied.  Paragraph 55 contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

56.     Denied.  Paragraph 56 contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

57.     Denied.  Paragraph 57 contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

58.     Denied.  Paragraph 58 contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

59.     Denied.  Paragraph 59 contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

In response to the unnumbered "**WHEREFORE**" Paragraph after Paragraph 59 of the Complaint, and including sub-paragraphs A-E, PECO denies that Plaintiff is entitled to the relief requested, or any other relief, and denies the remaining allegations in this paragraph of the Complaint.

## <u>AFFIRMATIVE DEFENSES</u>

By way of further Answer to Plaintiff's Complaint, PECO sets forth the following separate and affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Any actions taken by PECO with respect to Plaintiff were based solely on legitimate, non-discriminatory, non-retaliatory reasons.  Accordingly, Plaintiff's claims are barred, in whole or in part, because PECO acted in good faith and its actions were not based on any impermissible motive.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that if Plaintiff suffered any loss or damages, such loss or damages were caused by his own conduct and/or because he failed to mitigate such damages.

## FOURTH AFFIRMATIVE DEFENSE

Any claim for punitive damages is barred because PECO acted in good faith, and PECO did not act in a manner that was willful, egregious, wanton or in reckless disregard of Plaintiff's rights. At all times, PECO reasonably believed its conduct was in compliance with the law. Accordingly, the alleged acts complained of by Plaintiff were not based upon discriminatory reasons, but were based upon legitimate, non-discriminatory, job-related reasons.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff suffered any injury, that purported injury is not due to any act of PECO, but rather is attributable to either Plaintiff or third parties over whom PECO had no control.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's unclean hands and/or bad faith.

## SEVENTH AFFIRMATIVE DEFENSE

Even if Plaintiff could prove that race or any other protected classification was a factor in any employment action by PECO (although such is not hereby admitted and is specifically denied), there were other legitimate factors that motivated those actions. PECO asserts that it would have

taken the same actions with respect to Plaintiff in the absence of any impermissible motivating factors.

## EIGHTH AFFIRMATIVE DEFENSE

Any and all conduct of which Plaintiff complains was a just and proper exercise of management discretion on the part of PECO and its agents, managers, and employees undertaken for fair and honest reasons in good faith, under circumstances then existing.

PECO reserves the right to assert additional affirmative defenses as it becomes aware of any additional facts during the course of this litigation.

**WHEREFORE,** Defendant PECO Energy Company requests that judgment be entered in its favor and against Plaintiff with respect to each claim in the Complaint, that the Complaint be dismissed in its entirety with prejudice, and that Defendant be awarded reasonable costs, expenses and attorneys' fees, and such other relief as the Court may deem just and proper.

Dated:  March 5, 2021                    Respectfully submitted,

Melissa Hazell Davis, Esquire
GRIESING LAW, LLC
PA Identification No.: 318298
1880 John F. Kennedy Blvd., Suite 1800
Philadelphia, PA  19103
(215) 618-3720
(215) 814-9049 (fax)
mdavis@griesinglaw.com
*Attorney for Defendant PECO Energy Company*