## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OFPENNSYLVANIA

| | |
|---|---|
| JASON MILLS, : | |
| : | |
| Plaintiff, : | |
| : | |
| : | Civil Action No. 2:20-cv-06335-RBS |
| v. : | |
| : | |
| PECO ENERGY COMPANY and EXELON, : | |
| : | |
| Defendant. : | |
| : | |

## <u>STIPULATION AND ORDER OF CONFIDENTIALITY</u>

1.      This Stipulation and Order shall govern the use and disclosure of all "Discovery Materials," as defined below, that are created or produced in connection with the above-captioned action.

2.      "Discovery Materials" shall include transcripts of depositions upon oral examination and exhibits thereto; transcripts of depositions upon written questions and exhibits thereto; answers to interrogatories; documents or things produced by any party to any other, whether or not pursuant to a formal request; reports of examining physicians; answers to requests  for admission; documents or things produced by any non-party to any party, whether or not  pursuant to a subpoena; all information contained in any of the foregoing; and all copies, excerpts or summaries of any of the foregoing.

3.      "Confidential Information" shall mean any proprietary business or commercial information including but not limited to information regarding customers, any trade secret or other commercial or financial information that would result in competitive or commercial harm in the  marketplace, sensitive personnel information of any party or nonparty including

performance evaluations and disciplinary history, individual pay and benefits information, and other information that, if openly disclosed, might adversely affect or prejudice the party's business or the privacy interests of any party or nonparty, or any one that is entitled to similar protection under any other law or rule that hereafter becomes applicable to this action.

4.   "Confidential Discovery Material" shall mean that portion of Discovery Material that contains Confidential Information that has been designated as such.

5.   Any party or non-party may designate any Discovery Material as Confidential Discovery Material in the following manner:

(a)   Any Discovery Material may be designated as Confidential Discovery Material either by: (i) marking, either before or as the document is produced, the term "Confidential" on each page of the document that contains Confidential Discovery Material; or (ii) if a document produced is not marked "Confidential" but later determined to be "Confidential," notifying the other party in writing of the "Bates" number (if such a number has been placed on that document, and if not, otherwise identifying the document for the other party) of each page of the document that contains Confidential Discovery Material.

(b)   Depositions or other pretrial testimony also may be designated either by a statement on the record by counsel at the time of disclosure or by notifying counsel for all other parties in writing within thirty (30) days after receipt by counsel for the deponent or witness of the transcript of such depositions or other pretrial testimony.  Such notice must identify the exact  page and line numbers (or, if on the record, the beginning point and end point) of the testimony  that is being designated as Confidential.  Counsel for the witness or deponent may instruct the  deponent or witness to provide the testimony containing Confidential Information only if persons  who are not authorized per this Stipulation and Order to receive such

information are not present  in the room when the witness or deponent provides such testimony. In addition, counsel for the  witness or deponent shall affix the legend "Confidential" to only those pages of the original transcript that contain designated material and to all corresponding pages of all copies of such  transcript, or by indicating in written correspondence the specific page and line numbers of the  transcript that are being designated as such.  Only those portions of each transcript so designated  as "Confidential" in this action shall be deemed "Confidential" material.   All transcripts of  depositions or other pretrial testimony shall automatically be deemed to be "Confidential" until  the end of the thirtieth (30th) day after their receipt by counsel for the deponent or witness.

(c)     To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, e-mails, databases, or programs stored on any digital or analog machine-readable device, computer, disk, network or tape) is produced in such form, the producing party or any other party may designate such material as Confidential Material by affixing a label on the media or its casing indicating such designation accompanied by a cover letter specifying the exact portions of the electronic or magnetic media that contains Confidential Discovery Material.

(d)     Any Discovery Material produced prior to the execution of this Stipulation  and Order may be designated as Confidential Discovery Material by providing written notice of  same to all parties within thirty (30) days after the execution of this Stipulation and Order or  within thirty (30) days after any Discovery Material obtained from third parties has been  disclosed and, if requested, produced to opposing counsel, whichever is later.

(e)     If a party disagrees with any designation of Discovery Materials as Confidential Discovery Material, that disagreement shall be conveyed to the opposing party

within thirty (30) days of the disputed designation.  Upon notice of such dispute, the producing party shall explain in writing the basis for the designation and shall identify the specific portion of each page of the Discovery Materials that constitutes Confidential Information.  If the parties cannot reach an agreement on the disputed designation, that dispute shall be submitted to the Court for resolution in accordance with the procedures set forth in Paragraph 12 of this Stipulation and Order.

6.     Confidential Discovery Material and all copies thereof shall be used solely for the purpose of this litigation only and not for any business, other litigation, or other purpose.

7.     Confidential Discovery Material:

(a)     shall be disclosed only to:

(i)     the Court and court personnel employed in connection with this action, including court reporters and videographers;

(ii)     outside and inside counsel who represent the parties in this action, and regular and temporary employees of those counsel assisting in the conduct of this action, for use in accordance with this Stipulation and Order;

(iii)     outside independent consultants, mediators or experts assisting counsel for the parties in this action (including potential experts);

(iv)     authors and recipients of such materials;

(v)     actual or potential deponents or witnesses in this action, and their counsel, during the course of or to the extent necessary in preparation for deposition or trial testimony in this action, or to the extent necessary to determine whether they are proper deponents or witnesses in this action, provided that the receiving party shall maintain a written record of each person to whom Confidential Discovery Material was disclosed pursuant to this

provision, and evidence that the person agreed in writing, in the format attached hereto as Exhibit A, to be bound by this Stipulation and Order in connection with those materials, and that the producing party shall be entitled to review that record of Confidential Discovery Material disclosures where the producing party has good cause to believe that information has been disclosed in violation of this Stipulation and Order; and

     (vi) Plaintiff Jason Mills and Defendant PECO Energy Company and any officers, directors, employees or agents of the company for purposes consistent with this Stipulation and Order.

     (b) shall be copied only by attorneys of record, clerical personnel employed by such attorneys, or independent copying services engaged by such attorneys, provided that the attorneys engaging a copying service have no reason to believe that that service or any of its employees are likely to disclose or use any Confidential Discovery Material in a way that would violate this Stipulation and Order if the service and its employees were bound by this Stipulation and Order.

    8. Each person to whom Confidential Discovery Material, or data and information obtained, derived or generated from Confidential Discovery Material, is disclosed or made available pursuant to Paragraph 7(iii)-(vi) (excluding the parties to this Action) shall first be advised of the existence and the contents of this Stipulation and Order, and shall execute an Acknowledgment in the form attached as Exhibit A to this Stipulation and Order.  No such person shall divulge any Confidential Discovery Material, or any data and information obtained, derived, or generated from Confidential Discovery Material, to any other person, except as provided herein.

    9. Any party filing documents that contain Confidential Discovery Material shall

either redact such Confidential Information or shall request that the documents, or portions thereof, containing such information be filed and maintained under seal of the Clerk of the U.S. District Court for the Eastern District of Pennsylvania prior to filing such Discovery Material.

10.     Notwithstanding the provisions of Paragraphs 7, 8, and 9, this Stipulation and Order has no effect upon, and shall not apply to, any producing party's use of its own Confidential Discovery Material for any purpose, provided that party does not have an independent obligation to maintain the confidentiality of such material. Subject to the provisions  of Paragraph 17, and provided that neither the initial disclosure by the producing party of  Confidential Discovery Material nor any subsequent disclosure of such Material is inadvertent, if  a producing party discloses Confidential Discovery Material produced by that party to any  individual not authorized to receive such Discovery Material under the terms of this Stipulation  and Order, then the receiving party may disclose that Discovery Material to other individuals as  well.

11.     The designation of Discovery Materials as Confidential Discovery Material pursuant to this Stipulation and Order shall not constitute a ruling that those materials actually contain Confidential Information.

12.     If a party or a non-party concludes that Discovery Materials or portions thereof designated as Confidential Discovery Material by any other party or non-party do not actually include Confidential Information and, therefore, do not warrant the protection claimed for them under this Stipulation and Order, it may so notify all parties and any concerned non-party in writing and state the basis for its conclusion.  Promptly after receipt of such notice, the attorneys for all concerned parties and non-parties shall confer in good faith in order to resolve the objection to the designation of confidentiality.  If it is not possible to resolve the objection

within  fourteen (14) days after service of the notice, then the producing party shall have fourteen (14)  days to move for an Order of this Court confirming the designation of those materials as  Confidential.  The designated Discovery Materials shall continue to be treated as Confidential  Discovery Material under this Stipulation and Order until the Court rules on the producing  party's motion.

13.    If any Confidential Discovery Material or Information, and/or data derived or generated therefrom, is sought through discovery or otherwise from a receiving party or its counsel by any person, in any subsequent judicial or administrative proceeding, the receiving party agrees that it will immediately notify the producing party so as to permit the producing party to seek a protective order from the appropriate court.  With respect to the notification required by this paragraph, the parties shall notify undersigned opposing counsel in writing.

14.    By stipulating to this Stipulation and Order, no party waives its right to object to any requested discovery or to request more stringent restrictions upon the use and disclosure of certain Discovery Materials than those provided in this Stipulation and Order on the grounds that  those Discovery Materials contain especially sensitive Confidential Information.

15.    The provisions of this Stipulation and Order shall not terminate at the conclusion  of this action.  The receiving party shall destroy Confidential Discovery Material at the  conclusion of the litigation, and promptly certify in writing that it has done so, including all  copies of such documents that may have been made.

16.    If any party intends to offer in evidence at trial or in any other proceedings in open court any Discovery Material designated as Confidential Discovery Material, it shall serve  reasonable advance notice thereof on all other parties and concerned non-parties, if any, in order  to afford the parties and non-parties the opportunity to bring before the Court the

matter of the  protection of the confidentiality of those materials or that information.

17.    The inadvertent or unintentional production to a receiving party or to a third-party  by either party of Confidential Discovery Material that was not so designated at the time of  disclosure shall not be deemed a waiver in whole or in part of that party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the party to which the information was disclosed shall not be held to have violated this Stipulation and Order because it  did not treat that information as confidential between the time it was disclosed and the time when  the party that disclosed it notified the other party of the designation of that information as  Confidential Discovery Material.

18.    In the event that a producing party discovers that information or documents that are subject to attorney-client privilege or the work-product doctrine have been inadvertently produced, the producing party shall notify the receiving party within a reasonable time after discovery of the error and provide a privilege log to the receiving party that complies with the Federal Rules of Civil Procedure.  The receiving party shall return all copies of the information or documents to the producing party within fourteen (14) days of receipt of such notice. However, within fourteen (14) days of receipt of such notice, if the receiving party wishes to challenge the producing party's assertion of privilege, the receiving party may notify the producing party of the challenge, and promptly after receipt of such notice, the attorneys  for all concerned parties and non-parties shall confer in good faith in order to resolve the challenge.  If it is not possible to resolve the challenge within  fourteen (14) days after service of the notice, then the producing party shall have fourteen (14)  days, with notice to the producing party, provide the Court with one (1) copy of the disputed privileged material for in

camera review together with an explanation as to why the information or documents should not  be deemed privileged.  The producing party shall then have fourteen (14) days to make a submission to the Court regarding why the disputed privileged material should be considered privileged.  The fact that such privileged documents are produced, inadvertently or otherwise, shall not be construed as a waiver of any applicable attorney-client privilege and/or the work-product doctrine.  The fact that privileged documents are returned shall not be construed as an admission by the receiving party that the documents are in fact subject to the attorney-client privilege or the work-product doctrine.

19.    The parties may extend any time limits prescribed in this Stipulation and Order without leave of Court by mutual agreement in writing.

### *[The Remainder of this Page is Intentionally Left Blank]*

Respectfully submitted,

LAW OFFICES OF ERIC A. SHORE                 GREISING LAW, LLC

By:   */s/ Graham F. Baird*_____          By:   */s/ Melissa Hazell Davis*_____
      Graham F. Baird, Esquire                     Melissa Hazell Davis, Esquire
      Two Penn Center, Suite 1240                  1880 JFK Boulevard, Suite 1800
      1500 John F. Kennedy Blvd.                   Philadelphia, PA 19103
      Philadelphia, PA 19102                       Phone: (215) 618-3720
      Phone: (267) 546-0131                        Fax: (215) 814-9049
      Fax:   (215) 944-6124                        Email: mdavis@griesinglaw.com
      Email: grahamb@ericshore.com                 *Attorneys for Defendant*
      *Attorneys for Plaintiff*

        SO ORDERED this__11th__day of____May_____, 2021.


        /s/ R. Barclay Surrick_____
        Honorable R. Barclay Surrick, J.

## **<u>EXHIBIT A</u>**

I have read the Stipulation and Order of Confidentiality between Jason Mills and  PECO Energy Company, and I understand the responsibilities and obligations the Stipulation and  Order of Confidentiality imposes on persons to whom information designated as Confidential is disclosed.  I agree to comply with the Stipulation and Order of Confidentiality with regard to all material marked Confidential being disclosed to me.


This_____day of_____, 20_____.


_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JASON MILLS, | : |
| | : |
| Plaintiff, | : |
| | : |
| | : Civil Action No. 2:20-cv-06335-RBS |
| v. | : |
| | : |
| PECO ENERGY COMPANY and EXELON, | : |
| | : |
| Defendant. | : |
| | : |

**JOINT DECLARATION IN SUPPORT OF STIPULATION AND
ORDER OF CONFIDENTIALITY**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Defendant  PECO Energy

Company ("PECO") and Plaintiff Jason Mills ("Plaintiff"), by their undersigned counsel, declare

good cause exits for a protective order, filed simultaneously herewith, in this matter.

> Rule 26(c) provides in relevant part:
> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> …
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.

Fed. R. Civ. P. 26(c)( 1 ).

Good cause is established on a showing that disclosure will work a clearly defined and

serious injury to the party seeking disclosure. The Third Circuit Court of Appeals set forth the law

with respect to confidentiality orders in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir.

1994). In *Pansy*, the Court of Appeals reaffirmed the long-standing principle that district courts

have inherent equitable power by means of protective orders, "to prevent abuses, oppression, and

injustices" in discovery and "to grant confidentiality orders, whether or not such orders are

specifically authorized by procedural rules."[1] 23 F.3d at 785 (internal quotation marks and citations omitted). In deciding whether good cause exists for a protective order, a court must engage in a balancing process. *Id*. at 786. In doing so, courts have flexibility to "minimize the negative consequences of disclosure." *Id.* at 787.

The *Pansy* court identified a number of factors which the court must consider in resolving this tension between privacy and the right to know: (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public. *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (citing *Pansy*, 23 F.3d at 787-91); *see also McCowan v. City of Philadelphia,* No. 2:19-CV-03326-KSM, 2021 WL 1193241, at *2 (E.D. Pa. Mar. 30, 2021) (applying the *Pansy* Factors and finding good cause existed to enter a protective order).

Here, in order to facilitate the exchange of information through the discovery process while also properly protecting the parties' and other individuals' privacy interests, the parties wish to confidentially share documents that meet several factors in *Pansy*. The documents include:

- Candidate application data for jobs Plaintiff may have applied to in the Company

- Employees' Individual Performance Reviews

---

[1] While *Pansy* dealt with the confidentiality of a settlement agreement, the Court of Appeals noted that protective orders for discovery material raise "similar public policy concerns." 23 F.3d at 786. In each, the court must resolve the tension between privacy interests and the public's right to know. *See id.* at 786-87.

Plaintiff has made allegations regarding specific non-party individuals, and the documents listed above will provide appropriate responses to Plaintiff's allegations. However, these documents also include sensitive personnel information that if openly disclosed in the public record or otherwise, is likely to adversely affect the privacy interests of these nonparties. Disclosure or dissemination of this personnel information will certainly violate and invade the privacy interests of these individuals who are not parties to this action, and which includes non-public sensitive information such as addresses, telephone numbers, email addresses, employment performance critiques, credit reports, criminal background checks, work authorizations, or other application or background information.

Specifically, Plaintiff has made allegations that certain non-parties (1) made discriminatory statements about employees because of the employees' gender; (2) retaliated against employees for complaining about inappropriate comments; and (3) falsified documents.  If any of these accusations are made public it would damage the reputation of the non-parties.  Further, on the business side, the documents in this case will undoubtedly contain proprietary business information including customer information.

Altogether, the information identified above meet several factors in *Pansy* and there is good cause for the entry of a protective order to maintain the confidentiality of these private materials. The Parties understand that the Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.


**[The remainder of this page is intentionally left blank.]**

Dated:  May 11, 2021                              Respectfully Submitted,

                                                 **GRIESING LAW, LLC**

                                    By:     */s/ Melissa Hazell Davis*
                                        MELISSA HAZELL DAVIS, ESQ.
                                        Identification No. 318298
                                        1880 John F. Kennedy Boulevard, Suite 1800
                                        Philadelphia, PA  19103
                                        PH: (215) 618-3720
                                        F: (215) 814-9049
                                        mdavis@griesinglaw.com
                                        *Attorneys for Defendant PECO Energy*
                                        *Company*

                                        LAW OFFICES OF ERIC A. SHORE

                                    By:     **/s/ Graham F. Baird**
                                        Graham F. Baird, Esquire
                                        Two Penn Center, Suite 1240
                                        1500 John F. Kennedy Blvd.
                                        Philadelphia, PA 19102
                                        Phone: (267) 546-0131
                                        Fax:     (215) 944-6124
                                        Email: grahamb@ericshore.com
                                        *Attorneys for Plaintiff*